# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERNEST R. GIBSON, JR.,**
**# 281824,**

    **Plaintiff,**

vs.                                           Case No. 4:20cv391-AW-MAF

**WARDEN D.D. DUNCAN,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Ruling on Plaintiff's motion should be deferred as this case has been filed in the wrong district.

Review of Plaintiff's complaint reveals that Plaintiff is incarcerated at Tomoka Correctional Institution which is located in Daytona Beach, Florida. ECF No. 1 at 2. The only named Defendant is located there as well. *Id.* Daytona Beach is not within the jurisdiction of this Court. Rather, it is within the territorial jurisdiction of the Middle District of Florida. If Plaintiff

desires to proceed with this case and allege a plausible claim against the Defendant, he must do so in the proper Court.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). Plaintiff's complaint has been filed in the wrong district because none of the parties are within the Northern District of Florida, and any events which involve Warden Duncan, the only named Defendant, must have occurred in the Middle District. The proper forum for this action pursuant to 28 U.S.C. § 89(b) and § 1391(b) is in the United States District Court for the Middle District of Florida.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).

Case No. 4:20cv391-AW-MAF

Justice is better served by transferring this case to the appropriate forum rather than dismissing it.   There is no need for a hearing prior to directing transfer.

## RECOMMENDATION

Pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2020.

 S/     Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**